UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOWARD M. GREEN, et al,

    Plaintiffs,

v.                                 **Case No: 8:04-CV-665-T-23EAJ**

CONTEC CORPORATION, et al,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

Before the court is the parties' **Joint Motion for Approval of Settlement** (Dkt. 40), filed on April 25, 2005.[1]  The undersigned held a preliminary fairness hearing on the joint motion on June 24, 2005. After fully considering the evidence admitted and the legal arguments of the parties, it is recommended that the district court hold a final fairness hearing on the **Joint Motion for Approval of Settlement** (Dkt. 40), as Plaintiffs have demonstrated that the proposed settlement is fair, reasonable, and adequate under Rule 23(e), Fed. R. Civ. P.

I.   Background

On March 30, 2004, Plaintiffs filed a class action complaint against Defendants, seeking money damages, declaratory judgment, and attorneys' fees and costs for Defendants' alleged violations of

_____

[1] The district court referred this matter to the undersigned for consideration and a Report and Recommendation.  See Local Rules 6.01(b) and 6.01(c), M.D. Fla. (Dkt. 41).

the Worker Adjustment Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2201 et. seq. (Dkt. 1).  The complaint alleges that on May 16, 2003, Defendant ceased operations at its Tampa, Florida location and laid off approximately 100 employees without providing them 60 days' notice as required under the WARN Act (Dkt. 1 at 4). In their Answer, Defendants asserted that they are a "faltering business" under the WARN Act and therefore are exempt from its notice requirements.  (Dkt. 3 at 4).

Plaintiffs filed an unopposed Motion to Certify Class on October 1, 2004.  (Dkt. 26, 27).  Effective November 10, 2004, the district judge adopted the undersigned's report and recommendation that Plaintiffs' Motion to Certify Class be granted.  (Dkt. 39). On November 23, 2004, Plaintiffs' counsel mailed its Notice of Class Action by first class mail, postage pre-paid, to the last known addresses of Defendants' employees as of the date the plant closed.  The class is comprised of 101 of Defendants' former employees.[2]

The case was scheduled to be mediated on February 10, 2005. On February 8, 2005, after one round of discovery and months of intense negotiations, the parties agreed to a settlement.   The

---

[2]  Five of Defendants' former employees decided to opt out of the class:  Russell May, Gary Hunt, Tho Huynh, Denise Nipper, and Linda Russo.  (Dkt. 40, Ex. 1B).  In addition, three of Defendant's former employees received severance packages from Defendant and therefore were ineligible to participate in the class.   None of these individuals attended the preliminary fairness hearing and there is no indication that they object to the proposed settlement.

parties notified the court of their settlement on February 23, 2005. (Dkt. 36).  On February 25, 2005, the court dismissed the case pending submission of a settlement agreement. (Dkt. 37).

On April 25, 2005, the parties filed a Joint Motion to Approve Settlement. (Dkt. 40).  The joint motion attaches the parties' proposed settlement, the Notice of Class Action Plaintiffs mailed to potential class members in November of 2004, a Notice of Proposed Settlement, the names and last known addresses of class members, and a schedule indicating each class member's total maximum recovery under the settlement agreement.

Under the settlement, Defendants agree to pay Plaintiffs $278,000.00.   (Plf. Ex. 7).   Plaintiffs represented at the preliminary fairness hearing that this amount is 91% of the wages Plaintiffs would have received had Defendants provided them 60 days' notice of the plant closing.  The parties agree that Plaintiffs' attorneys' fees of $92,574.00 (33.3% of the recovery pursuant to the contingency fee agreement between Plaintiffs and their counsel) (see Plf. Ex. 14)[3], costs of $2,500.00, and federal and state withholdings will be reduced from the settlement amount before any money is distributed to Plaintiffs.  After these reductions, Plaintiffs assert they will net 73% of their lost wages

---

[3] Plaintiffs' trial counsel, Ms. Betsy McCoy, represented that she has an oral agreement with Plaintiffs' former counsel, Ms. Lynn Cole, who withdrew from the case after negotiating the settlement, to split the attorneys' fees equally.

3

for 60 days.[4]  The settlement provides that named Plaintiff Howard Green will receive an additional $1000.00 from the settlement proceeds for his assistance in contacting class members and that named Plaintiffs Karen Stiles and Teresa Dye each will receive $500.00 for their assistance.

At the preliminary fairness hearing, named Plaintiffs Howard Green and Teresa Dye testified, and four class members attended.[5] None in attendance voiced any objection to the settlement. Elizabeth Brackman, Plaintiffs' counsel's administrative assistant charged with maintaining records in the case and with coordinating communication between Plaintiffs' counsel and class members, also testified at the hearing.

Ms. Brackman testified that Defendant provided Plaintiffs' counsel with a list of the names and addresses of its former employees as of the date of the plant closing and that Plaintiffs' counsel developed a class member database using this list.  (Plf. Ex. 6, 13).  According to Ms. Brackman, Plaintiffs' counsel mailed three packets to class members.[6]  The first packet was mailed on

---

[4]  The court has no reason the dispute this assertion, and Defendant agrees with Plaintiffs' calculation.

[5]  The third named Plaintiff, Karen Skiles, did not attend the preliminary fairness hearing due to child care problems. Plaintiffs' counsel represented that Ms. Skiles does not object to the settlement.

[6]  Plaintiffs also mailed notices regarding the case to the five opt-out individuals.

4

November 23, 2004, and contained the Notice of Class Action. (Plf. Ex. 5, 13).  The second packet was mailed on June 8, 2005, and contained notices of the preliminary fairness hearing and an insert stating that class members may obtain a copy of the settlement agreement by contacting Plaintiffs' counsel by phone, e-mail, or regular mail. (Plf. Ex. 8-11, 13).  The third packet was mailed in mid-June of 2005 and contained the Notice of Proposed Settlement. (Plf. Ex. 12, 13).[7]  Plaintiffs' counsel did not receive any objections to the proposed settlement from class members, and no additional class members elected to opt out of the class.

Ms. Brackman testified that after each mailing, Plaintiffs' counsel updated its class member mailing database as they received information from the U.S. postal service or otherwise that a class member's address had changed. (See Return to Sender column on Plf. Ex. 6, 13).  Plaintiffs' counsel also hired a private investigator to find the addresses of class members they could not locate. Despite these efforts, Plaintiffs' counsel could not locate the addresses of six class members.[8]

---

[7] The Notice of Proposed Settlement informs Plaintiffs of the amount of the settlement, the amount of attorneys' fees and costs to be deducted from the settlement amount, Plaintiffs' right to opt-out of the class, and their right to object to the settlement. (Plf. Ex. 12).  The Notice of Proposed Settlement also attached a list of Defendants' employees as of the date of the plant closing and their last known addresses.

[8]  These former employees are: Stephanie Alicea, Sandra Edmondson, Anson Grant, David Markiewicz, Stella Neal, and Crystal Willets.  (Plf. Ex. 6, 13).

Named Plaintiffs Howard Green and Teresa Dye each testified that they believe the settlement agreement is fair and reasonable to all class members because each member will net 73% of the wages he or she would have received had Defendant provided them with 60 days' notice of the plant closure.  Both testified that they were not aware of any potential class member who was not included in Plaintiffs' class member mailing database.  Mr. Green testified that it is his understanding that the typical recovery in cases under the WARN Act is only 30% to 50% of lost wages.[9]

Ms. McCoy and Defendants' counsel, Ms. Mary Li Creasy, represented to the court that, had the parties not settled, each side would have incurred the expense of preparing for and attending mediation and conducting discovery.  Defendants' headquarters is in New York, and depositions would have involved extensive travel between and New York and considerable expense that neither party wanted to incur.  The parties did exchange some preliminary discovery, however.

At the court's request, after the preliminary fairness hearing, Plaintiffs' counsel filed a Proposed Notice to Class Regarding Final Fairness Hearing.  (Dkt. 51).  The proposed notice again informs class members of the nature of the settlement, including the amount of attorneys' fees and costs to be paid out of

---

[9]  Counsel for both sides also agreed that the typical recovery in a WARN case is only 30% to 50%.

6

the settlement proceeds, Plaintiffs' right to object to the settlement before the final fairness hearing, and their right to opt-out of the settlement before the final fairness hearing.

## II.  Conclusions of Law

Rule 23(e)(1)(A), Fed. R. Civ. P., states that a court must approve any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a certified class.  A court can approve a settlement "that would bind class members only after a hearing and on finding that the settlement, voluntary dismissal, or compromise is fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(1)(C).  However, the rule does not list the factors a court should consider in making this determination.  Commentators agree that the main judicial concern is that the rights of passive class members not be jeopardized by the proposed settlement.  See Wright & Miller, 7B Fed. Prac. & Proc. Civ.3d § 1797.1; Manual for Complex Litigation, Fourth, § 21.62; see also Fed. R. Civ. P. advisory committee's notes to 2003 amendments.  Further, it is well settled that "[p]roponents of class action settlements bear the burden of developing a record demonstrating that the settlement distribution is fair, reasonable, and adequate."  Holmes v. Cont'l Can Co., 706 F.2d 1144, 1147 (11th Cir. 1983).

The Eleventh Circuit applies a six-factor test when determining the fairness of a class action settlement agreement. See Sterling v. Stewart, 158 F.3d 1199, 1203-04 n.6 (11th Cir.

1998); <u>Leverso v. Southtrust Bank of Alabama</u>, 18 F.3d 1527, 1530-31 (11th Cir. 1994); <u>Bennett v. Behring Corp.</u>, 737 F.2d 982, 986 (11th Cir. 1984).  These factors are: (1) the likelihood of success; (2) the range of possible recovery; (3) the point on or below the range of recovery at which settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.  <u>Id.</u>

This list is not exhaustive, and courts in the Eleventh Circuit have considered additional factors in making fairness determinations.  <u>See</u> <u>Strube v. Am. Equity Inv. Life Ins. Co.</u>, 226 F.R.D. 688, 697 (M.D. Fla. 2005) (enumerating above factors plus the terms of the settlement, the procedures afforded to notify the class of the proposed settlement, and the judgment of class counsel); <u>Dillard v. City of Foley</u>, 926 F.Supp. 1053, 1063 (M.D. Ala. 1995) (evaluating above factors plus the views of class counsel and the possible existence of collusion behind the settlement).

After considering these factors, the court finds that Plaintiffs have met their preliminary burden of demonstrating that the settlement is "fair, reasonable, and adequate" under Rule 23(e), Fed. R. Civ. P.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)  The district judge hold a final fairness hearing on the

8

parties' **Joint Motion for Approval of Settlement** (Dkt. 40), to evaluate the reasonableness of the settlement pursuant to Rule 23(e), Fed. R. Civ. P.; and

(2)   The district judge order Plaintiffs to mail, by first-class mail, postage prepaid, the **Proposed Notices to Class Regarding Final Fairness Hearing** (Dkt. 51) to all class members at least 20 days prior to the date of the final fairness hearing.  These notices should indicate the last day to opt out of the class before the hearing and the last day to submit objections to the proposed settlement to Plaintiffs' counsel, which must be no sooner than five days prior to the final fairness hearing.

**Dated:** June 30, 2005

ELIZABETH A JENKINS
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.   See 28 U.S.C. 636 (b)(1).

9